# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT L. HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05 C 6771 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Virginia M. Kendall |
| UNITED STATES DEPARTMENT OF | ) | |
| THE NAVY, UNITED STATES | ) | |
| DEPARTMENT OF THE NAVY BOARD | ) | |
| FOR CORRECTION OF NAVAL | ) | |
| RECORDS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Harmon ("Plaintiff") brings this action seeking a declaration that he is eligible for reenlistment in the United States Navy. Plaintiff argues that the Navy Board for Correction of Naval Records ("Board" or "BCNR") wrongly refused to correct his reenlistment code of RE-4, a code which prohibits him from reenlisting in the Navy. Because the Board acted within the scope of its statutory authority, examined the relevant information and articulated a satisfactory explanation for its action, the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## Background

Plaintiff served in the United States Navy from August 7, 1986 through November 20, 1987. (Administrative Record "AR" 14). The Navy discharged Plaintiff under "other than honorable conditions" for missing his ship's movements and for two periods of unauthorized absence ("UA") from duty. (AR 14-15). Upon Plaintiff's

discharge, the Navy assigned Plaintiff an RE-4 reenlistment code. (AR 14). At the time of his discharge, Plaintiff waived his right to representation and did not contest the charges against him. (AR 11, 15).

On July 7, 2004, Plaintiff petitioned the Board to change his RE-4 reenlistment code to one that would allow Plaintiff reenlist in the Navy. (AR 12-13). Plaintiff's petition conceded that "[t]he other than honorable discharge was justified" and did not argue that his RE-4 reenlistment code was erroneous. (AR 13). Rather, in the remarks section of the petition Plaintiff wrote "I simply wish to get an opportunity to undo my mistake of many years ago" and "complete what I started." (AR 13). Plaintiff also explained that his UAs were so that he could visit his ill father. (AR 13). On March 15, 2005, the Board denied Plaintiff's application to correct his military record by changing his RE-4 reenlistment code. (AR 8-9). On April 7, 2005, Plaintiff sent a letter to the Board asking if he could plead his case in person. (AR 6). On May 27, 2005, the Board responded that in the absence of new documentation that was not previously considered by the Board, its decision was final and his only recourse would be to federal court. (AR 5).

**Jurisdiction and Standard of Review**

Plaintiff argues that this Court has jurisdiction over his claim under the Tucker Act, 28 U.S.C. § 1346, or alternatively under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2). The Tucker Act confers jurisdiction over "[a]ny . . . civil action or claim against the United States not exceeding $10,000 in amount . . . ." 28 U.S.C. § 1346. Technically, Plaintiff does not seek damages exceeding $10,000 because he seeks only a declaratory judgment. However, "[t]he Tucker Act empowers district

courts to award damages but not to grant injunctive or declaratory relief." *Lee v. Thornton*, 420 U.S. 139, 140 (1975). As such, this Court lacks jurisdiction under the Tucker Act to declare Plaintiff eligible for Navy service.

The Board "may correct any military record" within the Navy when "necessary to correct any error or remove an injustice." 10 U.S.C. § 1552. The APA confers jurisdiction upon this Court, as Plaintiff is allegedly "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702; *see Dougherty v. U.S. Navy Bd. for Correction of Naval Records*, 784 F.2d 499, 500 (3d Cir. 1986) ("Judicial review of action by an agency such as the BCNR is provided for in the Administrative Procedure Act"). Under the APA, this Court may reverse the Board's decision if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see Chappell v. Wallace*, 462 U.S. 296, 303 (1983) ("Board [for the Correction of Naval Records] decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence"). The APA's standard of review is deferential but not absolute. *See Mt. Sinai Hosp. Med. Ctr. v. Shalala*, 196 F.3d 703, 708 (7th Cir. 1999) ("While this standard does not mean no review at all, the . . . decision will be accorded a high degree of deference"). An agency's decision will not be reversed when an agency acted within the scope of its lawful authority and when it considered all relevant factors and articulated a rational basis for its choice. *See Central States Enterprises, Inc. v. Interstate Commerce Com.*, 780 F.2d 664, 674 (7th Cir. 1985) ("[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between

3

the facts found and the choices made"); *F.C.C. v. NextWave Personal Communications Inc.*, 537 U.S. 293, 300 (2003) ("The [APA] requires federal courts to set aside federal agency action that is 'not in accordance with law,'- which means, of course, *any* law, and not merely those laws that the agency itself is charged with administering"). In reviewing the Board's action under the APA, this Court is confined to the evidence in the administrative record.[1] 5 U.S.C. § 706; *Smith v. Office of Civilian Health and Medical Program of the Uniformed Servs.*, 97 F.3d 950, 955 (7th Cir. 1996).

## Discussion

Plaintiff's sole claim for relief is that the Board acted not in accordance with the law when it refused to correct his military record. Specifically, Plaintiff argues that the Navy assigned Plaintiff an RE-4 reenlistment code because it wrongly believed that Plaintiff's UAs qualified him as a deserter, one of the conditions that may disqualify a person from military service listed in 10 U.S.C. § 504. And, likewise, the Board must have denied Plaintiff's petition to change his reenlistment code because the Board also incorrectly believed Plaintiff's UAs constituted desertion. Plaintiff does not argue that the Board's decision was arbitrary, capricious or an abuse of discretion. Also, Plaintiff does not ask this Court to set aside the Board's decision based on the circumstances and arguments he pitched to the Board in his petition.

---

[1] "Documentary evidence considered by the Board consisted of [Plaintiff's] application, together with all material submitted in support thereof, [Plaintiff's] naval record, and applicable statutes, regulations, and policies." (AR 8). Thus, in requesting that Defendants provide and explain any relevant laws, regulations, guidelines or other standards that govern the Navy's decision to assign to an individual a reenlistment code, the Court placed itself in the Board's shoes.

Defendants respond that his Court should not entertain Plaintiff's claim first because it involves a nonjusticiable matter that is committed to the military's discretion, and second because Plaintiff failed to exhaust his administrative remedies when he did not present this desertion argument to the Board. Alternatively, as to the merits, the Board acted in accordance with the law because an RE-4 reenlistment code properly applies to the commission of a serious offense such as missing a ship's movement.

Justiciability of Plaintiff's Claim

"[C]ivilian courts have traditionally deferred to the superior experience of the military in matters of duty orders, promotions, demotions, and retentions." *Knutson v. Wisconsin Air Nat'l Guard*, 995 F.2d 765, 771 (7th Cir. 1993). Plaintiff's claim, however, presents a justiciable controversy because Plaintiff seeks judicial review of the Board's refusal to change his reenlistment code, rather than asking the Court to reinstate Plaintiff into the Navy. *Compare Knutson v. Wisconsin Air Nat'l Guard*, 995 F.2d 765, 771 (7th Cir. 1993) ("Knutson's request for reinstatement would require us to intrude on a province committed to the military's discretion, which we decline to do") *with St. Clair v. Sec'y of the Navy*, 970 F. Supp. 645, 648 (C.D. Ill. 1997) (distinguishing *Knutson* because plaintiff sought declaratory relief to upgrade his discharge status and not reinstatement into the Navy). Thus, in ruling on Plaintiff's claim, the Court is not intruding upon an area committed solely to the Navy's discretion.

Exhaustion of Administrative Remedies

Plaintiff never presented his desertion argument in his petition to the Board. Defendants ask this Court to review the Board's decision only in light of Plaintiff's petition which conceded that "[t]he other than honorable discharge was justified," did not

argue that his RE-4 reenlistment code was erroneous, and remarked "I simply wish to get an opportunity to undo my mistake of many years ago" and "complete what I started." (AR 12-13). The Court will not consider whether Plaintiff exhausted his desertion argument because Plaintiff's claim can be dismissed on the merits. *See Kawitt v. U.S.*, 842 F.2d 951, 953 (7th Cir. 1988) (reviewing BCNR decision "without getting entangled in the vexed question whether a requirement of exhausting administrative remedies is jurisdictional, a question as yet unsettled in the military setting"); *Perez v. U.S.*, 850 F. Supp. 1354, 1366 (N.D. Ill. 1994) (holding that "nothing in the applicable statute, 10 U.S.C. § 1552 or regulations, 32 C.F.R. Part 732, *requires* Perez to avail himself of the BCNR's broad remedial powers") (emphasis in original). That is, this Court will review whether the Board's decision was not in accordance with the law based on Plaintiff's desertion argument rather than the arguments he gave to the Board for changing his reenlistment code.

Merits of Plaintiff's Desertion Argument

Plaintiff argues that the Board refused to change his RE-4 reenlistment code because it wrongly considered him a deserter under 10 U.S.C. § 504. In so arguing, Plaintiff assumes that he could not have been classified properly with an RE-4 reenlistment code unless he met one of the conditions for disqualification from military service listed in § 504. Section 504 provides certain conditions that may disqualify a person from military service, among them a person who is insane, intoxicated, a felon or a deserter from an armed force. While these conditions, absent an authorized exception, disqualify a person from military service, the Naval Military Personnel Command Instruction 1900.1B authorizes the Navy to assign an RE-4 reenlistment code for a

number of actions including, "[m]isconduct – commission of a serious offense," "homosexuality" and "fraudulent entry." (Ex. C, 2-4). Plaintiff never challenged that his UAs and missing his ship's movement did not constitute the commission of a serious offense. Indeed, the fact that punitive discharge is an authorized punishment for such conduct would qualify his misconduct as such. (Ex. B, ¶ 11 Art. 87). The Board thus acted in accordance with law when it refused to change Plaintiff's RE-4 reenlistment code.

## Conclusion and Order

Plaintiff's Complaint for a Declaratory Judgment presents a justiciable controversy, reviewable under the APA. Applying the APA's standard of review, the Board's refusal to change Plaintiff's reenlistment code was not "otherwise not in accordance with law." Wherefore, Plaintiff's Motion for Judgment on the Pleadings and Motion for Declaratory Judgment are denied. Plaintiff's Amended Complaint is dismissed with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: December 15, 2006